UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
*Western Division*
*Office of the Clerk*

*Thomas M. Gould, Clerk*  *Deputy-in-Charge*
*242 Federal Building*  *U.S. Courthouse, Room 262*
*167 N. Main Street*  *111 South Highland Avenue*
*Memphis, Tennessee 38103*  *Jackson, Tennessee  38301*
*(901) 495-1200*  *(731) 421-9200*

# NOTICE OF SETTING
**Before Judge S. Thomas Anderson, United States District Judge**

(**ADR REQUIREMENTS ON PROPOSED ORDER**)

October 7, 2016

RE:   2:16-2652-STA

TANANGELA ANDERSON v MEMPHIS HOUSING AUTHORITY, et al

**Dear Sir/Madam:**

A **SCHEDULING CONFERENCE** has been **SET** for **FRIDAY, NOVEMBER 18, 2016** at 9**:45 A.M. in Courtroom 7, on the 9th floor of the Federal Building, Memphis,** Tennessee, before United States District Judge S. Thomas Anderson.

**PLEASE REVIEW THE ATTACHED INSTRUCTIONS.**

If you have any questions, please contact Mr. Terry Haley, the Court's case manager, at 901-495-1276 (e-mail address: Terry_Haley@tnwd.uscourts.gov).

**Sincerely,**

*s/Betty Guy*

Betty Guy, Judicial Assistant

.-Attachment

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Office of the Clerk

_____

INSTRUCTIONS CONCERNING
RULE 16(b) SCHEDULING CONFERENCE

_____

I. **DUTY TO NOTIFY**

Since this scheduling conference may be set before the defendant[s] has been served or has appeared in the case, counsel for the plaintiff is responsible for notification of defendant[s] or defendant[s]' counsel of the setting of the first Rule 16(b) Conference. If plaintiff's counsel is unable to notify the defendant[s] or defendant[s]' counsel, then plaintiff's counsel shall, at least two (2) working days prior to the scheduled Rule 16(b) Conference, so notify the Court.

II. **DUTY TO CONFER**

Prior to the scheduling conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions. **A Joint Proposed Scheduling Order shall be submitted to the Court's e-mail box 3 days prior to the scheduling conference.** E-mail address: ECF_Judge_Anderson@tnwd.uscourts.gov. **Submission and approval of the Proposed Scheduling Order WILL NOT cancel the conference.**

III. **ATTENDANCE REQUIRED**

The attendance of all unrepresented parties and lead trial counsel for each represented party is required at the scheduling conference; the unrepresented parties and counsel must be prepared to address any pending motions or motions which may be raised orally at the conference. Failure to appear may result in the imposition of sanctions. (See ¶ VII.)

**Out-of-town counsel may request permission from the Court to handle the conference by telephone, provided the request is made at least THREE (3) days prior to the date of the hearing. The request must be made in writing to the Case Manager (e-mail is preferable) and must include names and telephone numbers of all participants requesting to appear by telephone. The conference call for the scheduling conference will be initiated by the case manager.**

IV.  RULE 26(f) CONFERENCE

Fed.R.Civ.P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 21 days prior to the Rule 16(b) scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan.  The parties shall file a written report outlining the proposed discovery plan at least 4 days prior to the first conference.  Counsel should refer to Form 52, Appendix of Forms to Fed.R.Civ.P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, with in 14 days of the 26(f) meeting (i.e. at least 7 days <u>prior</u> to the scheduling conference), the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests.  Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f).  Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with Fed.R.Civ.P. 33, and the number of depositions will be limited to ten in accordance with Fed.R.Civ.P. 30.

V.  REQUEST FOR EXEMPTION FROM RULE 26

Counsel or parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure, must adhere to the following procedure in making the request.  Requests are to be made by motion in writing in compliance with local rules of this court.  Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least ten days before the date disclosure is required by the rule.  Requests for exemption from the Rule 26(f) meeting requirements must be made at least seven days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least twenty-one days before the date of the scheduling conference.

VI.  SUBJECTS AT CONFERENCE

Generally, at the scheduling conference, the following subjects will be addressed:

1.  The status of the case, the general nature of the claims and defenses, issues in the case, potential use of experts and mediation;

---

[1] Except for parties in pro se prisoner litigation.

2. Jurisdictional and statute of limitations issues (all jurisdictional questions or timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[2]

3. Setting of all deadlines for filing preliminary motions, the establishment of all deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment),joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines.  The court expects to set a definite trial date for this case which does not conflict with criminal case settings.  The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

4. The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

5. The possibility of settlement, your position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the private mediation program plan, or whether the parties request a referral to the magistrate judge for a settlement conference;
(The parties shall be required to engage in mediation prior to trial unless expressly excused from doing so by the Court.)

6. Status of all document discovery(parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas <u>duces tecum</u> to third parties);

7. Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

---

[2] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

8.      Estimated trial time, and any special issues anticipated in connection with trial; and

9.      Any pending motions or motions which may be raised orally at the conference.

VII.    ORDER TO BE ENTERED

An order will be entered reflecting the results of the scheduling conference.  The order will include deadlines for filing motions, completing discovery, mediation and the establishment of pretrial conference and trial dates.  Attached as Exhibit "A" to this notice is a Form Rule 16(b) Scheduling Order which counsel may use as a proposed order after developing appropriate agreed-upon deadlines.

VIII.   SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an ex parte hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

_____,           )
                                )
   **Plaintiff,**               )
                                )
v.                              )           Case x:xx-cv-xxxxx-XXX-xxx
                                )
_____,           )
                                )
   **Defendant.**               )

**STANDARD TRACK SCHEDULING ORDER**

Pursuant to Local Rule 16.2, a scheduling conference was held on [insert date]. Present were _____, counsel for plaintiff, and _____, counsel for defendant. Prior to the scheduling conference, on [insert date], the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:   [insert date 14 days after the Rule 26(f) conference]

**MOTIONS TO JOIN PARTIES**:   [insert date 60 days after the preliminary scheduling conference]

**MOTIONS TO AMEND PLEADINGS**:   [insert date 60 days after the preliminary scheduling conference]

**MOTIONS TO DISMISS**:   [insert date 90 days after the preliminary scheduling conference]

**ALTERNATIVE DISPUTE RESOLUTION:**

   **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** [insert date **12 weeks** after the scheduling conference]

   **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)3**:

      **Mediator's Name: [insert name of mediator]**

---

3 In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel. *Pro Se* IFP Mediation Plan 6.

>  **Stipulation Filing Date: [insert date of filing of stipulation of selection of mediator**
>  (If the parties fail to agree upon a Mediator before or during the Rule 16 scheduling conference, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**:  [insert date 300 days after service or waiver of service of the first defendant]

- (a) **WRITTEN DISCOVERY**:  [insert date 30 days before the deadline for completing all discovery]
- (b) **DEPOSITIONS**:  [insert the deadline for completing all discovery]

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

- (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  [insert date 60 days before the deadline for completing all discovery]
- (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  [insert date 30 days before the deadline for completing all discovery]
- (c) **EXPERT WITNESS DEPOSITIONS**:  [insert the deadline for completing all discovery]

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: [insert date 15 days after the deadline for completing all discovery]

**SUPPLEMENTATION UNDER RULE 26(e)(2)**:  [insert the deadline for completing all discovery]

**FILING DISPOSITIVE MOTIONS**:  [insert date 30 days after the deadline for completing all discovery]

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and [have agreed that e-discovery is not appropriate in this case and therefore they will not seek e-discovery] / [have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval] / [have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan].

[Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or

protection and obtain the return of the materials without waiver.]

  No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

  Motions to compel discovery are to be filed and served within 45days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

  This case is set for a [jury] / [non-jury] trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately [insert number] days.

  The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

  Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

  Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

  The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

  Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

  The parties [do] / [do not] consent to trial before the Magistrate Judge.

  This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

  IT IS SO ORDERED.

_____
PRESIDING UNITED STATES JUDGE