IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TANANGELA N. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 16-cv-02652-STA-tmp |
| ) | |
| TENNESSEE QUADEL CONSULTING ) | |
| CORPORATION, a Tennessee corporation, ) | |
| and JOHN DOES 1 through 20 inclusive, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

Before the Court is Defendant Tennessee Quadel Consulting Corporation's Motion to Dismiss (ECF No. 34). Plaintiff Tanangela N. Anderson has responded in opposition, and Defendant has filed a reply. For the reasons set forth below, the Motion to Dismiss is **DENIED without prejudice**.

**BACKGROUND**

On August 10, 2016, Plaintiff filed her initial Complaint alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and civil conspiracy. The Complaint alleged that Plaintiff's employer Memphis Housing Authority ("MHA") had retaliated against her and terminated her employment after Plaintiff had engaged in protected complaints of her own as well as assisted an MHA resident in making a protected claim of sexual harassment against another MHA employee. (Compl. ¶ 10, ECF No. 4.) Plaintiff named MHA and Dorian Jenkins, the interim director of MHA, as Defendants. The Complaint alleged that the EEOC had issued Plaintiff a right-to-sue letter and that Plaintiff's Complaint was being filed within 90 days of her

1

receipt of the letter. (*Id.* ¶ 9.) Plaintiff attached a copy of the right-to-sue letter as an exhibit to her Complaint.

Although Plaintiff filed her Complaint on August 10, 2016, Plaintiff did not cause summons to issue as to MHA and Jenkins until September 9, 2016. On October 12, 2016, MHA filed its initial Answer (ECF No. 12), in which MHA denied that it was Plaintiff's employer at the time of her termination. (Answer ¶ 28.) The Court held a scheduling conference with the parties and entered a Rule 16(b) case management order on December 12, 2016, setting February 7, 2017, as the deadline for motions to amend the pleadings. On January 20, 2017, more than three months after MHA had filed its initial Answer, Plaintiff filed a motion to amend her Complaint (ECF No. 25) so that Plaintiff could substitute Tennessee Quadel Consulting Corporation ("Quadel") for MHA. For cause Plaintiff stated that based on MHA's Answer and denial that it was Plaintiff's employer at the time of her termination, Plaintiff "subsequently confirmed the identity of the proper party" as Quadel. Plaintiff never actually stated in her motion that Quadel was her actual employer; she merely stated that MHA had "privatized" her job duties with Quadel, implying that Quadel was Plaintiff's employer. Plaintiff also asserted that as MHA's subcontractor, Quadel knew or should have known about her suit and her mistake in naming the wrong party as a defendant. MHA did not respond to or oppose Plaintiff's motion within the time allowed under the Local Rules.

On February 6, 2017, the Court granted Plaintiff leave to amend her Complaint and substitute Quadel for MHA. Despite the fact that the Court granted Plaintiff's motion to amend on February 6, 2017, Plaintiff did not file her Amended Complaint, substituting Quadel for MHA until March 9, 2017. Quadel has now moved to dismiss the Amended Complaint as time barred. According to Quadel, Plaintiff filed her charge of discrimination with the EEOC on July 8, 2015.

2

In her administrative charge, Plaintiff stated that Quadel was her employer and alleged the same claims of retaliation against Quadel that she now alleges in her Amended Complaint. Plaintiff was issued a right-to-sue letter on May 13, 2016, which cautioned that Plaintiff had 90 days to bring her judicial complaint against Quadel. Plaintiff filed her initial Complaint within 90 days. But rather than filing suit against Quadel, Plaintiff named MHA and MHA's interim director as Defendants. Plaintiff substituted Quadel as a Defendant in her Amended Complaint on March 9, 2017, far outside of the 90-day limitations period for bringing her suit. Quadel argues that Plaintiff's Amended Complaint is therefore time barred. Quadel further argues that the statute of limitations on her civil conspiracy claim is tied to the statute of limitations on her underlying Title VII claim. For all of these reasons, the Court should dismiss Plaintiff's Amended Complaint as untimely.

Plaintiff has responded in opposition. Plaintiff contends that her initial Complaint against MHA and Jenkins was timely and that her Amended Complaint should relate back to the date of her original filing for purposes of the limitations period. According to Plaintiff's memorandum, upon the filing of MHA's Answer denying that it was Plaintiff's employer, counsel for Plaintiff "confirmed Plaintiff's true employer and discovered that Memphis Housing Authority privatized Plaintiff's [sic] the functions for which Plaintiff was employed." Pl.'s Resp. in Opp'n 2 (ECF No. 37-1). Plaintiff argues that her Amended Complaint relates back to the date of her initial Complaint because Quadel knew or should have known that the original Complaint would have named it as a Defendant but for a mistake concerning the identity of Plaintiff's actual employer. Plaintiff asserts without citation to any authority that as MHA's subcontractor, Quadel should be charged with notice of the suit. Plaintiff acknowledges that she named Quadel as her employer in her charge of discrimination. But Plaintiff adds that she was initially hired by MHA and after

3

MHA outsourced her job, she continued to work in the same position in the same work station. Plaintiff claims that she "sued the wrong Defendant" by mistake. Therefore, the Court should hold that she has satisfied Rule 15(c) and her Amended Complaint should relate back to the date of her original filing for purposes of the limitations period.

In its reply, Quadel disputes Plaintiff's claim that she was mistaken about the proper identity of her employer. Quadel argues that Plaintiff's assertion of mistake is not supported with any factual allegations in her Amended Complaint. As matters outside the scope of the pleadings, the Court should decline to consider Plaintiff's claim for this reason alone. Quadel goes on to argue that Plaintiff's belief about her employment status with MHA is unsupported. Quadel points out that MHA's Answer clearly stated that MHA terminated Plaintiff's employment in 2011. And the EEOC investigative file shows that Plaintiff had to re-apply for her position with Quadel. Plaintiff cannot plausibly claim that she was mistaken about her employment status with MHA. And Plaintiff cannot show that her decision to name MHA as a Defendant in her initial Complaint was the result of anything other than a deliberate choice. Therefore, Plaintiff has not shown that her Amended Complaint relates back to the date of filing her initial Complaint.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be

accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In its Motion to Dismiss, Defendant argues that Plaintiff's Amended Complaint is time-barred and should otherwise not relate back to the date Plaintiff filed her initial Complaint under Rule 15(c). The parties do not dispute that Plaintiff filed her Amended Complaint more than 90 days after she received a right-to-sue letter from the EEOC. The Sixth Circuit has held that the 90-day limitations period for filing a judicial complaint begins to run on the fifth day following the EEOC's mailing of a right-to-sue letter to the claimant's residential address of record. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.

2000). The EEOC issued Plaintiff a right-to-sue letter on her charge of discrimination against Quadel on May 13, 2016, and Plaintiff filed her Amended Complaint, naming Quadel as a Defendant in this action on March 9, 2017. Unless Plaintiff can demonstrate that Rule 15(c)'s relation back provisions should apply in her case, her Amended Complaint against Quadel is obviously time-barred.

Rule 15(c)(1) provides that amended pleadings "relate back to the date of the original pleading" but only under specific circumstances. Fed. R. Civ. P. 15(c)(1). Where as in this case a plaintiff seeks to substitute a party, the amended pleading relates back to the original pleading if three conditions are met: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;" (2) "the amendment changes the party or the naming of the party against whom a claim is asserted;" and (3) "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B) & (C); *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Only the final element is contested in this case. Quadel argues that Plaintiff could not have reasonably been mistaken about the true identity of her employer because Plaintiff had named Quadel as the respondent in her charge of discrimination.

The Court finds that at the pleadings stage, Quadel's argument is not convincing. The inquiry for the Court under Rule 15(c)(1)(C) is "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548

(2010); *see also Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012) ("The relation back issue therefore turns on whether MEVA Germany received sufficient notice of the lawsuit and whether it knew or should have known that but for a mistake of identity it would have been named in the original complaint."). Quadel's argument turns this inquiry on its head by arguing that Plaintiff could not possibly have been mistaken about the identity of her employer.

The question for the Court is whether Quadel had actual or constructive notice of the suit during the Rule 4(m) period for service. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). The Sixth Circuit has suggested a number of factors for courts to consider in deciding whether a new defendant had constructive notice of the suit: "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 617–18 (6th Cir. 2014) (quoting *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. 1996)); *see also Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 395 (6th Cir. 2015) (suggesting that constructive notice can be implied from a reading of the complaint). Several courts have concluded that a party named in an EEOC charge of discrimination but not named in a subsequent judicial complaint had constructive notice of the suit for purposes of Rule 15(c), simply by virtue of being named in the administrative charge. *Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1982); *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905, 906 (5th Cir. 1987); *Scally v. Daniluk*, 96 Civ. 7548, 1997 WL 639036, at *4 (S.D.N.Y. Oct. 15, 1997). A plaintiff's "post-filing conduct" can also "inform[] the prospective defendant's understanding of whether

the plaintiff initially made a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 554.

Rather than reach the relation back issue on a Rule 12(b)(6) motion to dismiss and under the somewhat unusual facts of this case, the Court prefers to consider the issue after the parties have had discovery and developed the facts relevant to Quadel's notice of the suit. "[T]he inquiry of whether the new defendants knew or should have known that the suit should have been brought against them is . . . patently factual . . . ." *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). Courts commonly resolve this "patently factual" inquiry at summary judgment armed with a fully developed evidentiary record. *See Krupski*, 560 U.S. at 538 (district court decided Rule 15(c) relation back issue at summary judgment); *Beverly*, 500 F. App'x at 393 (same). A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). For all of these reasons, Quadel's Motion to Dismiss is **DENIED** without prejudice to raise the issue in a subsequent dispositive motion.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 9, 2017.