# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TANANGELA N. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:16-cv-02652-STA-tmp |
| v. ) | |
| ) | **JURY DEMANDED** |
| TENNESSEE QUADEL CONSULTING ) | |
| CORPORATION, a Tennessee Corporation; and ) | |
| JOHN DOES 1 through 20 inclusive, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant, Tennessee Quadel Consulting Corporation ("Defendant" or "Quadel"), by and through its undersigned Counsel, files the following Answer to the Amended Complaint filed by Plaintiff, Tanangela N. Anderson ("Plaintiff" or "Anderson") on March 9, 2017, stating as follows:

### Parties

1. Admitted, upon information and belief.

2. Admitted.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 3 of the Amended Complaint, and therefore denies the allegations.

### Jurisdiction and Venue

4. Paragraph 4 of the Amended Complaint contains a characterization of the action to which no response is required. To the extent a response is deemed required to Paragraph 4 of the Amended Complaint, it is denied.

5. Defendant admits the Court has personal jurisdiction over Quadel. To the extent a further response is deemed required, Defendant denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Denied.

7. Admitted.

8. Denied.

## General Allegations of Fact

9. Admitted, upon information and belief.

10. Admitted.

11. Defendant states Quadel operates and administers the housing choice voucher program for Memphis Housing Authority in Memphis, Tennessee. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant states Plaintiff was employed by Defendant as a Customer Service Representative.

13. Defendant admits, upon information and belief, Tyrone Davis was a resident in a Memphis Housing Authority house for which Defendant operated and administered the housing choice voucher program. Defendant denies Mr. Davis experienced sexual harassment or other improper conduct from a case manager who was employed by Defendant.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Amended Complaint and therefore denies them.

15. The allegations in Paragraph 15 of the Amended Complaint are vague because the Resources Director is not identified. Therefore, Defendant is without sufficient knowledge or

4825-1265-8246 v2
2901170-000005 08/23/2017

information to admit or deny the allegations in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. The allegations in Paragraph 16 of the Amended Complaint are vague because the Resources Director is not identified. Therefore, Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Amended Complaint, and therefore denies them, as the alleged case manager was not employed by Defendant.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Amended Complaint, and therefore denies them.

19. Denied.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Amended Complaint and therefore denies them.

21. Denied.

22. Defendant states the EEOC issued a "no cause" determination as to Plaintiff's EEOC claim. To the extent a further response is deemed required, Defendant denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Amended Complaint and therefore denies them.

24. Defendant states it terminated Plaintiff's employment on February 28, 2015 for unacceptable attendance standards. Defendant denies the remaining allegations of Paragraph 24 of the Amended Complaint.

4825-1265-8246 v2
2901170-000005 08/23/2017

25. Defendant admits it terminated Plaintiff's employment for unacceptable attendance standards. Defendant denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. Admitted.

27. Denied.

## Causes of Action
## Count I - Violation of Title VII of the Civil Rights Act of 1964

28. Defendant reincorporates its Responses to Paragraphs 1 through 27.

29. Defendant states that Title VII of the Civil Rights Act of 1964 speaks for itself. Defendant denies any allegations in Paragraph 29 of the Amended Complaint to the extent they are inconsistent with it.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## Count II: Civil Conspiracy

36. Defendant reincorporates its Responses to Paragraphs 1 through 35.

37. Paragraph 37 of the Amended Complaint contains a characterization of the action to which no response is required. To the extent a response is deemed required to Paragraph 37 of the Amended Complaint, it is denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Jury Demand

44. Paragraph 44 of the Amended Complaint contains a jury demand by Plaintiff, to which no response is required. To the extent a response is deemed required to Paragraph 44 of the Amended Complaint, it is denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief as requested in her unnumbered paragraph of the Amended Complaint following "WHEREFORE PREMISES CONSIDERED, Plaintiff seeks a Jury Trial in this case and prays," including subparts 1st through 6th thereof.

All allegations contained in Plaintiff's Amended Complaint not expressly admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, such statute is pled as a bar to Plaintiff's claims.

2. Defendant avers that Plaintiff has failed to mitigate her damages, if any.

3. Any claim for monetary relief by Plaintiff must be reduced or denied due to or by reason of Plaintiff's interim earnings, and/or by any amount she could, with reasonable diligence, have earned and by her failure to otherwise mitigate her damages.

4825-1265-8246 v2
2901170-000005 08/23/2017

4. In order to preserve its affirmative defenses and pending completion of discovery, Defendant alleges that Plaintiff's claims are barred by the doctrines of laches, unclean hands, waiver, and estoppel.

## ADDITIONAL DEFENSES

5. Defendant has discovered or otherwise learned of evidence to which the "after acquired" evidence doctrine applies per *McKennon v. Nashville Banner Publishing Co.*, 115 S. Ct. 879 (1995), and any other similar or related legal doctrine or theory, and Plaintiff shall thus be barred or limited from recovery pursuant to said doctrine.

6. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

7. Plaintiff was an at-will employee, employed for no definite term.

8. Defendant avers that it acted in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons in its treatment of Plaintiff. Plaintiff was terminated for legitimate, non-discriminatory, and non-retaliatory business reasons, including, but not limited to, unacceptable attendance standards.

9. Every action taken by Defendant with regard to Plaintiff's employment was taken for legitimate, non-discriminatory, non-retaliatory business reasons, and was unrelated to Plaintiff's alleged complaints regarding sexual harassment; and Plaintiff cannot show that Defendant's reasons were pretext.

10. Plaintiff's alleged complaints regarding sexual harassment was not a factor in any decision made concerning Plaintiff's employment status, pay, or termination.

4825-1265-8246 v2
2901170-000005 08/23/2017

11. Any injuries or damages sustained by Plaintiff resulting in lost employment and/or lost earnings, all of which are denied by Defendant, were proximately caused by Plaintiff's own conduct and not by a wrongful act or omission of an employee of Defendant.

12. Defendant avers that it exercised reasonable care to prevent and correct promptly any discriminating behavior, and that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

13. Defendant had legitimate business-related justification for all actions taken with respect to Plaintiff's employment, and it therefore acted in complete compliance with all applicable laws at all times relevant to Plaintiff's employment.

14. Any decisions made or actions taken regarding the different aspects of Plaintiff's employment with Defendant were decisions made and actions taken pursuant to neutral employment policies that apply to all of Defendant's employees who are/were similarly situated to Plaintiff.

15. To the extent alleged, Defendant avers that Plaintiff cannot establish a *prima facie* case of retaliation.

16. To the extent alleged, Plaintiff cannot establish a causal connection between Defendant's alleged acts of retaliation and any protected activity of Plaintiff concerning Defendant's conduct.

17. To the extent alleged, while denying that any improper factors motivated Defendant, Defendant asserts that it would have made the same decisions regarding Plaintiff's employment with Defendant regardless of her alleged claims of discrimination.

7

18. Defendant avers that some or all of Plaintiff's claims should be dismissed because Plaintiff does not plead facts that plausibly demonstrate that a cause of action against Defendant exists.

19. To the extent Plaintiff seeks damages for emotional and/or personal injury, such claims do not state a cause of action because they are barred by the exclusive remedy of the Tennessee Workers' Compensation law.

20. Plaintiff fails to meet the heightened pleading standard of Fed. R. Civ. P. 9(b) and Tennessee law for civil conspiracy.

21. There is no underlying predicate tort to support Plaintiff's purported claim for civil conspiracy, and it thus fails as a matter of law.

22. This action in whole or in part is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorney's fees and other costs associated with the defense of this action.

23. Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that Quadel acted with malice towards her.

24. Plaintiff's claim for punitive damages is not constitutionally permissible under the United States Constitution and/or Tennessee Constitution.

25. Plaintiff's claims for punitive damages against Quadel, if any, should be determined by way of bifurcated proceeding.

26. Defendant reserves the right to amend this Answer to include any additional affirmative defenses that may become available to it or to be discovered by them during the course of discovery in this litigation.

4825-1265-8246 v2
2901170-000005 08/23/2017

Respectfully submitted,

/s/ Angie C. Davis
ANGIE C. DAVIS
Tennessee Bar No. 20043
angiedavis@bakerdonelson.com

EMMA J. REDDEN
Tennessee Bar No. 33501
eredden@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
901-577-8110 – *telephone*

*Attorneys for Defendant Tennessee Quadel Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of August, 2017, a copy of the foregoing electronically filed Answer to Amended Complaint was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Bryan R. Huffman
HUFFMAN LAW FIRM, PLLC
Post Office Box 944
131 W. Liberty Avenue
Covington, Tennessee 38019

/s/ Angie C. Davis

4825-1265-8246 v2
2901170-000005 08/23/2017